**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4052

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS ALEXANDER ALLEN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Kenneth D. Bell, District Judge.  (3:23-cr-00035-KDB-DCK-1)

Submitted:  April 30, 2025                                    Decided:  May 28, 2025

Before HARRIS and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  James Walter Kilbourne Jr., ALLEN STAHL & KILBOURNE, PLLC, Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Alexander Allen pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  The district court calculated Allen's advisory Sentencing Guidelines range as 41 to 51 months' imprisonment and imposed an upward variance sentence of 84 months' imprisonment.  On appeal, Allen argues that his sentence is procedurally unreasonable because the district court erred in not awarding him a three-level reduction for acceptance of responsibility.  He also contends that his sentence is substantively unreasonable because the court imposed a disproportionate upward variance.  Finding no error, we affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard . . . ."  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020).  "First, we evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence."  *Id.*  "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[] the district court's legal conclusions de novo and its factual findings for clear error."  *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted); *United States v. Carver*, 916 F.3d 398, 404 (4th Cir. 2019) (reviewing denial of acceptance of responsibility adjustment for clear error); *see United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018) (defining clear error standard).  If the district court committed no significant procedural error, we then "assess the substantive reasonableness of the

2

sentence[,] . . . tak[ing] into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Nance*, 957 F.3d at 212 (cleaned up).

A defendant's offense level may be decreased by two levels if the defendant clearly accepted responsibility for his offense. U.S. Sentencing Guidelines Manual § 3E1.1(a) (2023). However, "[a] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." USSG § 3E1.1 cmt. n.1(A). Sentencing courts are empowered to make factual findings regarding relevant conduct using a preponderance of the evidence standard. *See United States v. Medley*, 34 F.4th 326, 335-36 (4th Cir. 2022). Further, because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," the judge's determination "is entitled to great deference on review." USSG § 3E1.1 cmt. n.5.

Allen argues that the district court erred by basing its denial of acceptance of responsibility on his failure to expressly admit certain relevant conduct, mainly that he participated in a shootout during which officers discovered the firearm at issue. He asserts that this was error because the Guidelines commentary explains that a defendant need not admit relevant conduct beyond the offense of conviction and, thus, that his failure to do so should not impact his acceptance of responsibility. He also contends that he did not falsely deny or frivolously contest the relevant conduct on which the court relied to deny him acceptance of responsibility. However, the court found by a preponderance of the evidence that Allen falsely denied relevant conduct by denying his participation in the shootout

3

several times.  Based on these standards, we discern no error in the district court's decision to deny Allen a reduction for acceptance of responsibility.

Next, Allen argues that the district court imposed a substantively unreasonable sentence.  He alleges that the court relied on improper factors and failed to consider that a within-Guidelines sentence would achieve the goals of sentencing.  In reviewing an upward variance sentence for substantive reasonableness, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range."  *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014).  We afford "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance, and the fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  *United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks omitted).  The ultimate inquiry is whether, considering the totality of the circumstances, the district court "abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).

"Where, as here, the district court imposes a sentence outside of the Guidelines range, it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."  *United States v. Provance*, 944 F.3d 213, 217 (4th Cir. 2019) (internal citation omitted).  "The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be."  *United States v. Tucker*, 473 F.3d 556, 561 (4th Cir. 2007) (internal

4

quotation marks omitted).  "[T]he district court's justification for the sentence must support the degree of the variance, and a major departure should be supported by a more significant justification than a minor one . . . ."  *United States v. Diosdado-Star*, 630 F.3d 359, 366 (4th Cir. 2011) (cleaned up).

After carefully reviewing the record and considering the parties' arguments, the district court identified several factors justifying Allen's 84-month sentence.  The court emphasized the nature and circumstances of the offense, as well as Allen's criminal history, involvement in another felony offense, and the need for deterrence.  Ultimately, the court found that an 84-month sentence appropriately balanced these factors.

We agree with the district court that Allen's sentence satisfied the standards set forth in § 3553(a).  Thus, the totality of the circumstances demonstrated that the 84-month sentence was sufficient but not greater than necessary to serve the statutory sentencing purposes.  Based on the factors identified by the district court, we conclude that the sentence is substantively reasonable.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5